IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

EVA L. ROSS and
WILSON LEE ROSS,

           Plaintiffs,

v.                                 CIVIL ACTION NO. 3:08-1452

WELLS FARGO BANK, NA, d/b/a
WELLS FARGO HOME MORTGAGE,

           Defendant.

### MEMORANDUM OPINION AND ORDER

Pending before the Court is the Motion of Defendant Wells Fargo Bank to Dismiss Count I of Plaintiffs' Amended Complaint (Doc. 5). Count I states a cause of action for "Unconscionable Inducement." For the reasons explained below, the motion is **DENIED**. Count I of Plaintiffs' complaint shall stand.

### Standard of Review

When reviewing a motion to dismiss, a court should construe factual allegations "in the light most favorable to the plaintiff." *Schatz v. Rosenberg* 943 F.2d 485, 489 (4th Cir. 1991). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff's complaint "must be enough to raise a right to relief above the speculative level and must provide enough facts to state a claim to relief that is plausible on its face." *Robinson v. American Honda Motor Co., Inc.* 551 F.3d 218, 222 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554 (2007)) (internal quotations omitted).

### Background

Count I of Plaintiffs' Amended Complaint is entitled "Unconscionable Inducement." Pls.' Am. Compl. (Doc. 1-2). Under this heading Plaintiffs claim that Defendants engaged in a "pattern

of home equity skimming and predatory lending practices" that the "loan agreement . . . was induced by unconscionable conduct" and that "[t]he loan contained terms the Plaintiffs could not pay." *Id.* The Plaintiffs then allege more generally that both the "conduct inducing the Plaintiff into the loan was unconscionable" and that the loan itself was unconscionable and induced by unconscionable conduct. *Id.* As relief Plaintiffs request:

> (a) The Court declare that the loan agreements are void and unenforceable and award appropriate equitable relief;
> (b) Actual damages and civil penalties
> (c) Reasonable attorney fees and the costs of this litigation; and
> (d) Such other relief as the court may deem equitable and just

*Id*.

Defendants' memorandum in support of their motion to dismiss argues that West Virginia common law does not recognize a claim for "unconscionability." They concede that a claim could be brought under West Virginia Code § 46A-2-121, but contend that this statute limits Plaintiffs' recovery to "actual damages" and in addition "a penalty in an amount set by the court at not less than $100 nor more than $1000." Defs' Mem. in Supp. of Mot. to Dismiss (Doc. 6) (citing *U.S. Life Credit Corp. v. Wilson*, 301 S.E.2d 169, 173 (W.Va. 1982); W.Va. Code § 46A-5-101).

Plaintiffs' response argues that the doctrine of unconscionability has long been a defense to the enforceability of a contract. Their citations include well regarded treatises (Williston on Contracts), the Restatement (Second) of Contracts § 208[1], and numerous West Virginia Supreme Court cases with decision dates ranging from 1868 to 2005 – *e.g. Brakeley v. Tuttle* 3 W.Va.86 (1868); *Herrod v. First Republic Mortg. Corp. Inc.* 625 S.E.2d 373 (2005). In reply, Defendants

---

[1] Plaintiffs mistakenly cited to § 28 of the second restatement. They obviously meant to cite to § 208, which concerns an "Unconscionable Contract or Term" and contains the quoted material in their brief, rather than § 28, which concerns "Auctions."

explain they do not dispute unconscionability is a contract *defense*. Defs.' Reply Brief (Doc. 9). ("Wells Fargo has neither addressed nor attacked the general contract defense of unconscionability.") Rather, Defendants' argument is that this defense cannot be asserted as a cause of action.

## Analysis

The primary relief requested by Plaintiffs under Count I is declaratory relief. At least one federal court has held that the defense of unconscionability of a contract can be raised affirmatively in a declaratory judgment action. *Eva v. Midwest National Mortgage Banc, Inc.* 143 F.Supp.2d 862 (S.D. Ohio 2001). More generally, "a declaratory judgment action is appropriate when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Penn-America Ins. v. Coffey* 368 F.3d 409, 412 (4th Cir. 2004) (internal quotations and ellipses omitted). The action at hand will help clarify legal relations by removing doubt about the validity and enforceability of the contract between the parties. While the doubt surrounding this contract comes from the potential applicability of a contract defense, Defendants have cited no case law denying a court's authority to resolve this particular type of ambiguity.

In the context of a patent license, the U.S. Supreme Court recently decided that the plaintiff could assert a contractual defense in a declaratory judgment action without first breaching any provisions of the contract. *MedImmune, Inc. v. Genentech, Inc.* 549 U.S. 118 (2007). The plaintiff in *MedImmune* sought a declaration on the validity of a patent, to which it held a license. *Id.* A declaration of the patent's invalidity allowed the plaintiff to cease payment of royalties, despite a contractual agreement. The Court held that the licensee was not required to breach the contract prior to seeking declaratory judgment. *Id.* ("We hold that petitioner was not required. . . to break or

terminate its 1997 license agreement before seeking a declaratory judgment in federal court that the underlying patent is invalid, unenforceable, or not infringed.")  In so holding, the Supreme Court allowed the licensee to assert a defense to a contractual obligation – the invalidity of the underlying patent – as an affirmative cause of action in the declaratory judgment context.

Here, Plaintiffs seek to clarify their contractual obligations to Defendants.  Their allegations demonstrate their belief that their contract is invalid and/or unenforceable.  Although the uncertainty in the contract comes from the potential applicability of a contractual defense, the Court sees no reason why the action should be dismissed.  Defendants' motion is **DENIED**.[2]

### Conclusion

For the reasons explained above, the Motion of Defendant Wells Fargo Bank to Dismiss Count I of Plaintiffs' Amended Complaint (Doc. 5) is **DENIED**.  The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: February 12, 2009

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

---

[2] At this point, the Court will not decide what other forms of relief are available to the Plaintiffs.  It is worth noting, however, that the Uniform Declaratory Judgment Act provides, "[f]urther relief based on declaratory judgment or decree may be granted whenever necessary or proper," and "[i]n any proceeding under this act the court may make such award of costs as may seem equitable and just."  Unif. Decl. J. Act §§ 8, 10.